Estate of Pierre v Edmond (2025 NY Slip Op 50256(U))

[*1]

Estate of Pierre v Edmond

2025 NY Slip Op 50256(U)

Decided on February 25, 2025

Civil Court Of The City Of New York, Queens County

Sanchez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 25, 2025
Civil Court of the City of New York, Queens County

Estate of Joseph Pierre, Petitioner, 
against
Laurette Edmond, "John" "Doe"; "Jane" "Doe", Respondent(s).

Index No. LT-306478-24/QU

Augustin Tella, Esq.
Attorneys for Petitioner
89-08 Sutphin Boulevard 
Jamaica, New York 11435-3715
tellalaw@gmail.com
The Legal Aid Society
Attorneys for Respondent Laurette Edmond
120-46 Queens Boulevard, 3rd Fl 
Kew Gardens, New York 11415 
jzhu@legal-aid.org 

Enedina Pilar Sanchez, J.

Background and Respondent's Motion
This holdover proceeding is predicated upon a 90-day notice of termination. Respondent retained The Legal Aid Society. Respondent moves by notice of motion for dismissal on thebasis that the petition and termination notice do not accurately describe the subject premises from which removal is sought as required by RPAPL Section 741.3.
There is no dispute that there are two apartments on the second floor, and that one of the apartments is the subject premises. Respondent has presented a lease that describes the subject premises as Apartment 2F. The lease commenced on October 1, 2015.
Respondent states that when the papers were prepared and filed there were no indications on the apartment door differentiating one apartment from the other. Respondent states that there were no markings at all, on the wall or the door; only after the motion to dismiss was filed did petitioner place a number "2" on the wall near respondent's door.
Petitioner argues that the process server was able to personally serve the respondent and as such the subject premises have been properly labeled.
Discussion and Legal Conclusion
There is no dispute that the lease that established the relationship between the parties identified the subject premises as Apartment 2F.
The test to discern the accurate description of the property to be recovered is whether the description of the subject premises is accurate enough to allow the Marshal when executing the warrant of eviction to locate the correct premises without additional information. Incomplete information or confusing or missing details in the description of the subject premises can be a fatal defect in a summary proceeding that may not be amended when the inaccurate description begins with the predicate notice.
Here the description in the predicate notice provides that the apartment is "Apartment 2" on the 2nd Floor, however, there are two apartments on the 2nd Floor. The lease describes the subject premises as Apartment 2F, and like the lease, the predicate notice would need to describe the subject premises as Apartment 2F. Perhaps if there were only one apartment on the 2nd Floor the outcome would differ, but the lease describes the subject premises, and it governs. A Marshal upon the execution of a warrant of eviction for Apartment 2, when shown a lease for Apartment 2F, may find the description confusing and would require additional information. See, Skmmny LLC v. Pope, 2020 NYLJ LEXIS 796 [Civ. Ct, Queens County April 1, 2020]. As Hon. Judge Guthrie wrote, "To satisfy the requirement to describe the premises, 'the petition must accurately describe the exact location of the premises in sufficient detail to allow a marshal executing a warrant to locate the premises in issue and effect an eviction without additional information.' Sixth Street Community Center, Inc. v. Episcopal Social Services, 19 Misc 3d 1143(A), 867 N.Y.S.2d 20 (Civ. Ct. NY County 2008)."
Accordingly, respondent's motion Seq. No.1 to dismiss the proceeding is granted and the case is dismissed without prejudice.
This Decision/Order will be filed to NYSCEF.
This constitutes the Decision/Order of the Court.
Dated: February 25, 2025
Queens, New York
SO ORDERED,
HON. ENEDINA PILAR SANCHEZ
J.H.C.